BRYAN Y.Y. HO
Attorney At Law, A Law Corporation

BRYAN Y.Y. HO          3962-0
Suite 909, Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 541-9799
Facsimile: (808) 533-8800
E-mail: bryanho@admiraltyattys.com

Attorney for In Personam Defendant,
WELAKAHAO CATAMARAN, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEWEL ELIZABETH ARIOTO ) | Civil No. CV 04-00609 ACK/KSCC |
| ) | |
| Plaintiff,  ) | (In Admiralty) |
| ) | |
| vs.  ) | IN PERSONAM DEFENDANT, |
| ) | WELAKAHAO CATAMARAN, INC.'S, |
| WELAKAHAO CATAMARAN, INC.,  ) | FINAL PRETRIAL STATEMENT; AND |
| dba OUTRIGGER CATAMARAN,  ) | CERTIFICATE OF SERVICE |
| In Personam, M/V OUTRIGGER  ) | |
| CATAMARAN, O.N. HA 871 CP,  ) | Final Pretrial Conf.: May 30, 2006 |
| In Rem,  ) | Time: 9:00 a.m. |
| ) | Judge: Hon. Kevin S.C. Chang |
| Defendants  ) | |
| ) | Trial Date: July 11, 2006 |
| ) | Time: 9:00 a.m. |
| ) | Judge: Honorable Alan C. Kay |
| ) | |
| _____ ) | |

WELAKAHAO\ARIOTO\038

IN PERSONAM DEFENDANT, WELAKAHAO

<u>CATAMARAN, INC.'S, FINAL PRETRIAL STATEMENT</u>

COMES NOW <u>In</u> <u>Personam</u> Defendant, WELAKAHAO CATAMARAN, INC. ("WCI"), through its attorney, BRYAN Y.Y. HO, AAL, ALC, and pursuant to the Amended Rule 16 Scheduling Order, filed August 23, 2005 and Local Rule 16.6, U.S. District Court, District of Hawaii, submits its Final Pretrial Statement.

I. ***PARTY***

This Pretrial Statement is filed on behalf of <u>In</u> <u>Personam</u> Defendant, WELAKAHAO CATAMARAN, INC. ("WCI").

II. ***JURISDICTION & VENUE***

*Jurisdiction & Venue*.  Jurisdiction is based on admiralty (28 U.S.C. §1333) and diversity of citizenship (28 U.S.C. §1332).  Venue is based on 28 U.S.C. §1391.  Jurisdiction and venue are not disputed.

III. ***SUBSTANCE OF ACTION***

WCI is a Hawaii corporation that owns and operates the OUTRIGGER CATAMARAN, HA 871 CP ("Vessel").  WCI's Vessel is a fiberglass catamaran, 45' x 24' x 2', originally built in 1982.  WCI uses its Vessel to take paying passengers on sailing and snorkeling trips from Waikiki

Beach. The Plaintiff, a resident of California, claims she was injured on October 29, 2002 while a passenger on the Vessel. Plaintiff claims she fell when she stepped into an opening built in the port side hull of the catamaran. Plaintiff's claims are based on negligence. She claims WCI was negligent in its:

1.  Operation of the business and its Vessel;

2.  Design, manning, equipping, supervision and maintenance of the Vessel; and

3.  Failure to warn Plaintiff of dangers she faced, in particular, an open hole in the "walking surface" of the Vessel.

WCI asserted the following affirmative defenses:

1.  Plaintiff's Complaint is subject to summary dismissal because it fails to state a viable cause of action against WCI based on the law applicable to this case;

2.  WCI did not breach any duties owed Plaintiff and was not otherwise negligent in any manner;

3.  Plaintiff's injuries/damages, if any, were caused by the conduct of third parties, not WCI;

4.  Plaintiff's injuries/damages, if any, were caused by her own negligence and failure to disclose a pre-existing frailty;

5.  Plaintiff assumed the risk of her injuries/damages;

6.  Limitation of liability;
7.  Plaintiff failed to mitigate her damages;

    8.      Plaintiff's injuries/damages, if any, were caused by an open and obvious condition of which WCI was not obligated to warn her regarding; and

    9.      Plaintiff's claims are barred by the doctrines of waiver and release.

## IV. *UNDISPUTED FACTS*

WCI repeats and incorporates by reference as though fully and completely set forth herein the factual statements set forth in WCI's Separate and Concise Statement of Facts filed in support of WCI's Motion for Summary Judgment, filed July 13, 2005. For purposes of WCI's obligations under Rule 16.6 and this Pretrial Statement, the following material facts are not disputed by the parties:

    1.      Jewel Arioto ("Plaintiff") has 19 years of education, training and experience in job site and work place safety. She is a "certified safety specialist".

    2.      Plaintiff has been employed as a Safety Director or Safety Manager with five different construction companies and general contractors from 1986 to present.

    3.      Plaintiff's duties with each of these companies included performing job site safety inspections. Plaintiff's responsibilities when inspecting a job site included checking the physical condition of the premises to identify and eliminate hazardous conditions.

    4.      One type of "hazardous condition" Plaintiff is trained to identify and be aware of is unguarded openings.

5. Plaintiff incorporates safety practices she has learned and implemented professionally in her daily personal activities.

6. In Personam Defendant. Welakahao Catamaran, Inc. ("WCI") is a Hawaii corporation that offers sailing tours from the beach fronting the Halekulani Hotel along the south shore of Oahu.

7. WCI is the owner and operator of the OUTRIGGER CATAMARAN, H.A. 871 CP, a fiberglass catamaran that is 45' x 24' x 2', and built in 1982.

8. The Vessel was originally designed and constructed with two 22" long x 18½" wide x 24" deep crew pits, one on each pontoon, located towards the stern of the Vessel.

9. On the day of Plaintiff's accident, the crew pit was configured as originally designed and built. It had not been modified by WCI in any fashion.

10. At all times WCI has owned and operated the Vessel, it has held a valid U.S. Coast Guard Certificate of Inspection ("COI"), which authorizes WCI to carry up to 49 passengers for hire.

11. The Coast Guard performed a physical inspection of the Vessel and issued the COI, declaring it safe for passenger carriage with the crew pit open, as originally designed and constructed.

12. Plaintiff vacationed in Hawaii with her 81 year old mother, Violet Ferrante ("Ferrante"), between October 27, 2002 and November 5, 2002.

13. On October 29, 2002, Plaintiff, Ferrante and acquaintance, Carolyn Rios ("Rios"), participated in an afternoon sailing tour on WCI's Vessel.

14. Plaintiff's party boarded between 3:00 - 3:30 p.m.. It was a bright sunny day and visibility was unlimited.

15. Plaintiff was not suffering from any physical or mental disability on the day of her accident. She was not impaired in any manner.

16. The Vessel was anchored on the beach with its bow facing the shore.

17. Ferrante was the first to board the Vessel. Plaintiff was second and Rios third. Access was via ladder secured to the inboard side of the port (left side facing forward) pontoon at the bow.

18. Ferrante and Plaintiff were able to climb the ladder and get on board without assistance.

19. As they walked aft along the port pontoon, Plaintiff's attention was focused solely on helping her mother safely navigate to the bench seat located at the stern of the Vessel.

20. Plaintiff claims other passengers boarded ahead of Ferrante. However, because Plaintiff's attention was focused solely on looking out for her mother's safety, Plaintiff did not pay any attention to where the other passengers moved to or were located after they boarded at any point prior to her accident.

21. She did not know if any went near the area where the port crew pit was located. Plaintiff does not know what the other passengers did, what routes they took or where they ended up on the Vessel before Ferrante was seated.

22. As Plaintiff and Ferrante walked aft, they were able to identify and successfully walk over and/or around multiple

        obstacles on the port pontoon, which included a hatch cover, the mid cross beam and dagger board.

23. Prior to stepping down from the port pontoon to the deck, Plaintiff walked around the dagger board, which was protruding through the surface of the port pontoon.

24. The distance from the end of the dagger board to the forward edge of the port side crew pit is 5'.

25. Due to the short distance between the dagger board and crew pit, the crew pit would have been within Mrs. Arioto's line of sight once she walked past the dagger board.

26. Upon reaching the bench, Plaintiff and Ferrante stepped from the pontoon onto the deck and Ferrante sat down facing towards the port side.

27. When Ferrante sat down, the area was clear. There were no other passengers seated on the bench or standing in the surrounding area. Plaintiff does not know where any of the other passengers were located at this time.

28. Plaintiff remained standing on the deck directly in front of her mother facing the starboard side of the vessel.

29. The deck between the bench and the inboard boundary of the port pontoon is 24" wide.

30. Shortly after Ferrante was seated, Plaintiff rotated 180° in a counterclockwise direction, and then stepped directly forward so she was standing on the port pontoon, looking off the port side of the vessel.

31. At this point, the crew pit was on Plaintiff's immediate left, less than 2' away.

32. Plaintiff's view of the crew pit was clear and unobstructed.

33. While looking over her left shoulder towards the back of the boat, Plaintiff turned to her left by pivoting on her left foot while stepping across her body with her right foot.

34. As Plaintiff planted her right foot, she stepped into the crew pit causing Plaintiff to fall.

35. The distance Plaintiff stepped with her right foot was slightly less than 2'.

36. Plaintiff did not look at the area where she was stepping before starting to move.

37. Plaintiff admits that had she looked to her left before she stepped to her left: i) her view of the crew pit was clear and unobstructed; and ii) she would have seen the crew pit before she stepped in it.

38. Plaintiff could have avoided stepping into the crew pit if she had stepped down from the pontoon onto the main deck before moving to her left.

39. Plaintiff admits she is partly responsible for her accident.

V.  **_DISPUTED FACTUAL ISSUES_**

All other facts are disputed by the parties.  Specific facts in dispute include, but are not limited to:

1. The number of passengers that were on the Vessel.

2. Whether Plaintiff's view of the open and obvious crew pit was obstructed by other passengers standing in that area.

    3.    Whether or not Plaintiff was involved in a subsequent fall on November 4, 2002.

    4.    Whether Plaintiff suffered any damages.

## VI. *RELIEF PRAYED*

Plaintiff seeks the recovery of general and special damages in amounts not yet determined.

## VII. *DISPUTED POINTS OF LAW*

There are no disputed points of law.

## VIII. *PREVIOUS MOTIONS*

WCI filed a Motion to Compel Plaintiff to Respond to Written Discovery on February 17, 2005. WCI voluntarily withdrew its Motion on March 14, 2005.

WCI also filed a Motion for Summary Judgment on July 13, 2005. WCI's Motion was denied by the Honorable Alan C. Kay.

Plaintiff filed a Motion for Additional Time to Conduct Discovery or, in the Alternative, to Stay Motion for Summary Judgment Proceedings, on July 26, 2005. Plaintiff's Motion was granted.

## IX. *WITNESSES TO BE CALLED*

        1.      CARMELITA ANDIA.  C/O Bryan Y.Y. Ho, AAL, ALC, Suite 1614, Davies Pacific Center, 841 Bishop Street, Honolulu, Hawaii, 96813, (808) 541-9799.  May testify regarding facts and circumstances regarding Plaintiff's accident, injuries, damages, and contributory negligence, WCI's operation of the OUTRIGGER CATAMARAN, and its affirmative defenses.

        2.      BRAD WILCOX.  C/O Bryan Y.Y. Ho, AAL, ALC, Suite 1614, Davies Pacific Center, 841 Bishop Street, Honolulu, Hawaii, 96813, (808) 541-9799.  May testify regarding facts and circumstances regarding Plaintiff's accident, injuries, damages, and contributory negligence, WCI's operation of the OUTRIGGER CATAMARAN, and its affirmative defenses.

        3.      JACK SMYTH  C/O Bryan Y.Y. Ho, AAL, ALC, Suite 1614, Davies Pacific Center, 841 Bishop Street, Honolulu, Hawaii, 96813, (808) 541-9799.  May testify regarding facts and circumstances regarding Plaintiff's accident, injuries, damages, and contributory negligence, WCI's operation of the OUTRIGGER CATAMARAN, and its affirmative defenses.

        4.      JEWEL ELIZABETH ARIOTO.  C/O Jay L. Friedheim, Suite 503, HK Building, 820 Mililani Street, Honolulu, Hawaii, 96813, (808) 545-5454.  May testify regarding the facts and circumstances underlying her accident, injuries and damages.

5. KAREN WATARU. Custodian of Records, Outrigger Hotels & Resorts Risk Management Department. 2375 Kuhio Avenue, Honolulu, Hawaii, 96815. May be asked to authenticate the Incident Report, handwritten statement and digital photographs produced in response to WCI's subpoena duces tecum to produce records for inspection.

6. CALVIN Y. MIYAJI. Outrigger Hotels & Resorts Risk Management Department. 2375 Kuhio Avenue, Honolulu, Hawaii, 96815. May testify regarding his investigation of Plaintiff's accident, verbal and/or written statements made by Plaintiff, observations regarding her injuries and level of disability.

7. JOSEPH SAKARIA. Outrigger Hotels & Resorts Risk Management Department. 2375 Kuhio Avenue, Honolulu, Hawaii, 96815. May testify regarding his investigation of Plaintiff's accident, verbal and/or written statements made by Plaintiff, observations regarding her injuries and level of disability.

8. STANLEY LOUIS-CHARLES. Outrigger Hotels & Resorts Risk Management Department. 2375 Kuhio Avenue, Honolulu, Hawaii, 96815. May testify regarding his investigation of Plaintiff's accident, verbal and/or written statements made by Plaintiff, observations regarding her

x

injuries and level of disability.

9. AMY CHOCK. Outrigger Hotels & Resorts Risk Management Department. 2375 Kuhio Avenue, Honolulu, Hawaii, 96815. May testify regarding his investigation of Plaintiff's accident, verbal and/or written statements made by Plaintiff, observations regarding her injuries and level of disability.

10. JEFFREY TASH, M.D.. Doctors on Call Straub-Waikiki. May testify regarding verbal and/or written statements made by Plaintiff, observations regarding her injuries and level of disability.

11. ROBERT MAY, M.D.. Doctors on Call Straub-Waikiki. May testify regarding verbal and/or written statements made by Plaintiff, observations regarding her injuries and level of disability.

X. *EXHIBITS, SCHEDULES, SUMMARIES*

1. WCI's Passenger Manifest. This exhibit will be authenticated by WCI's President Carmelita Andia and will be used to prove how many passengers were on the Vessel when Plaintiff claims she was injured.

      2.      One page from the log book for the OUTRIGGER CATAMARAN covering the period October 10, 2002 through November 5, 2002. This exhibit will be authenticated either through Carmelita Andia or Capt. Brad Wilcox, and is relevant on the issue of WCI's alleged liability and Plaintiff's damages.

      3.      Outrigger Hotels & Resorts Security Report OHR/Ohana Security Department Incident Report. This document will be authenticated by Karen Wataru or C. Maunakea and is relevant to the issue of WCI's alleged liability and Plaintiff's damages.

      4.      Plaintiff's medical records from Straub Doctor's On Call. These records will be authenticated by Yukiko Ito and are relevant to prove the nature and extent of Plaintiff's alleged injuries/damages post accident.

      5.      Jewel Arioto's deposition and attached exhibits, taken June 7, 2005.

      6.      Violet Ferrante's deposition and attached exhibits, taken June 8, 2005.

      7.      Carolyn Rios' deposition and attached exhibits, taken August 29, 2005.

      8.      Dennis Smith's deposition and attached exhibits, taken

September 26, 2005.

      9.     Plaintiff's responses to WCI's requests for answers to interrogatories and documents.

      10.    WCI's responses to Plaintiff's requests for answers to interrogatories and documents.

      11.    U.S. Coast Guard Certificate of Inspection for the OUTRIGGER CATAMARAN, HA 871 CP.

      12.    Drawings/diagrams of the OUTRIGGER CATAMARAN.

      13.    Photos of the OUTRIGGER CATAMARAN provided by Plaintiff.

      14.    Photos of the OUTRIGGER CATAMARAN.

      15.    Report of Survey from Maritime Specialists, Inc..

      16.    Report of Survey from Maritime Specialists, Inc..

      17.    General Arrangement drawings prepared by Maritime Specialists, Inc..

      18.    Inboard Profile drawing for WIND WARRIOR nka OUTRIGGER CATAMARAN, HA 871CP.

      19.    Any and all exhibits identified by Plaintiff in her Pretrial

Statement.

20. Any and all exhibits deemed necessary by ongoing discovery.

21. Rebuttal exhibits as necessary.

### *FURTHER DISCOVERY OR MOTIONS*

The deadline for filing substantive pre-trials motions has passed and there are no such motions pending hearing. Other than evidentiary motions in limine, WCI does not anticipate it will file any other motions prior to trial.

The only discovery WCI may want to complete prior to trial is the depositions of Drs. Robert May and Jeffrey Tash, the doctors who treated Plaintiff post accident.

XI. *STIPULATIONS*

None.

XII. *AMENDMENTS OR DISMISSALS*

None.

XIII. *SETTLEMENT DISCUSSIONS*

Settlement discussions are ongoing and reasonably likely to be productive.

XIV.  **AGREED STATEMENT**

Neither feasible nor desired.

XV.  **BIFURCATION, SEPARATE TRIAL OF ISSUES**

Not feasible nor desired.

XVI.  **REFERENCE TO MASTER OR MAGISTRATE JUDGE**

Not necessary.

XVIII.  **APPOINTMENT OR LIMITATION OF EXPERTS**

Neither feasible nor desired.

XIX.  **TRIAL CLAIMS OF PRIVILEGE OR WORK PRODUCT**

None.

XX.  **MISCELLANEOUS**

None.

DATED: Honolulu, Hawaii; May 23, 2006.

/s/ BRYAN Y.Y. HO

Attorney for In Personam Defendant,
WELAKAHAO CATAMARAN, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEWEL ELIZABETH ARIOTO | ) | Civil No. CV 04-00609 ACK/KSCC |
| | ) | |
| Plaintiff, | ) | (In Admiralty) |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| WELAKAHAO CATAMARAN, INC., dba OUTRIGGER CATAMARAN, In Personam, M/V OUTRIGGER CATAMARAN, O.N. HA 871 CP, In Rem, | ) ) ) ) ) ) | |
| Defendants | ) ) | |
| _____ | ) | |

WELAKAHAO\ARIOTO\038

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of May, 2006, a true and correct copy of the foregoing document in the above-entitled matter was served electronically through CM/ECF to the following at the address set out below:

JAY L. FRIEDHEIM, ESQ.                                                    jlf@pixi.com

/s/ Bryan Y.Y. Ho

Attorney for In Personam Defendant,
WELAKAHAO CATAMARAN, INC.